JAMES YONGUE vs. THOMAS C. BILLUPS.

A court of equity will not give relief against a judgment at law, where the defence set up was known to the complainant at the time of the trial in the court of law, and which he attempted to maintain there and failed.

On appeal from the northern district vice-chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The Commercial Bank of Columbus held a note made by B. A. Head, complainant Yongue, and B. A. Joiner, for $4348, dated May 2, 1839, due twelve months after date, on which was a small credit.

The bank assigned its assets to Alexander T. Young, Ragsdale, and Weir, in trust, to collect and pay the debts of the bank. Suit was instituted on the note by the trustees, and judgment obtained on the 17th of May, 1841, for $4493.12.

On the 19th of January, 1843, it was agreed between the plaintiffs in this judgment and Yongue, that Yongue should pay the judgment by giving his own promissory notes, which he did, giving two notes, both payable to W. L. Harris, one payable twelve months after date for $3470, and the other for $2000 at twenty-four months.

The $3470 note was to pay certain liabilities of the bank to northern merchants, and was paid by Yongue.

The $2000 note was assigned by Harris (according to the understanding with the trustees of the bank) to Thomas C. Billups, on account of his stock in the bank, he having threatened to sue the trustees for the same.

Yongue paid all of the note tranferred to Billups, except $840, for which he gave his note, dated October 14, 1845, and took up the old note of $2000.

Yongue, afterwards paid $300 on this note, and then ascertained that a mistake had been made in the calculation of his

indebtedness to the bank, for which the two original notes were given; he having given his notes for one year's interest on the original debt above what was actually due.

Yongue then demanded of Billups a deduction on account of the error, which Billups refused, and thereupon Yongue tendered the balance, after deducting the error, which Billups also refused.

Billups sued on the note, and obtained judgment for $635.74, on the 6th of April, 1848.

Yongue obtained an injunction restraining the execution of the judgment, which injunction was dissolved on the 17th of May, 1849, at complainant's costs.

Yongue prayed an appeal, which by consent of parties was taken direct to the high court of appeals.

*Evans & Topp*, for appellants.

*Clayton, Harris & Harrison*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

Billups obtained judgment on a note made by the appellant, payable to William L. Harris, and this suit was brought to enjoin the execution of the judgment, upon the ground that the note had, by mistake, been made for a larger sum than the appellant owed. An attempt was made and failed to resist a recovery at law upon this same ground. But the appellant seeks to avoid the force of the rule denying relief in equity, after a judgment at law, where the party has failed to make a known defence, by alleging, that he owed the Commercial Bank of Columbus; that this bank was insolvent, and assigned its effects, including the debt of appellant to Andrew Weir and others; that Harris as the attorney of Weir et al. sued appellant and obtained judgment; who to liquidate the amount of the judgment, executed the note sued on, and another payable to Harris, and that in making these notes a mistake occurred in the calculations. The bill alleges also, that Billups was a stockholder in the bank, and that Harris assigned him, by the direction of Weir, the note sued on, in payment of his stock; and it is insisted that, if appellant pay to Billups

Yongue *v.* Billups.

the amount of the judgment, he will thereby become a credi-
tor of the Commercial Bank to the extent of the amount for
which the note exceeded appellant's debt to the bank, and
being such creditor, and the bank insolvent, a court of equity
would declare the amount which Billups received in payment
of his stock, a trust fund for the payment of creditors, and
therefore decree him to pay the appellant the amount which
the bank would owe by reason of his having paid Billups a
greater sum than was really due to the bank. Hence it is
alleged, that to avoid circuity of action, a court of equity will
enjoin the judgment in the first instance for that amount.
Without pretending to go at length into the doctrine of the
extent which a court of equity will hold a stockholder of an
insolvent bank, who has been paid the amount of his stock, a
trustee for creditors, or whether such a trust would be declared
in a suit of this kind, and between these parties, it is a full
answer to the position assumed in the bill, that, in our opinion,
the appellant, by paying the amount of the judgment, would
not become a creditor of the Commercial Bank of Columbus
for the excess included by mistake in the note over his real
indebtment to the bank. If the bank itself had sued him
on the note, and obtained judgment for the full amount,
equity would not have given him relief by reason of the
alleged mistake, after an opportunity to defend at law and a
failure to do so. And it would seem to follow, that an im-
plied assumpsit on the part of the bank to repay him would
not arise, because an assignee of the bank recovered of him
the full amount of the note, and compelled its payment by
reason of his own laches in defending at law. We are at a
loss to recognise the principle of law or equity which would
impose an obligation on the part of the bank to repay the
appellant any part of the money which he may be compelled
to pay on this judgment. He knew his defence on the trial at
law; he had a full opportunity to make it. He attempted to
do so, and having failed to maintain it, it is too late now to ask
relief in a court of equity. We see no error in the decree of
the vice-chancellor dismissing the bill, and therefore affirm it.

Let the decree be affirmed.